## CLEMENT *vs.* CLEMENT.

Where a contract was made payable in labor within the year, to be rendered on articles furnished to be manufactured by the plaintiff, *held* that such articles must be furnished seasonably for the manufacture of them within the time assigned in the contract, otherwise the defendant would be discharged from all liability for the performance of such labor.

The mere assignment of one excuse for not performing a contract, is no evidence of a waiver of any other defence to the contract, unless the excuse first named should conflict with, or contradict, the subsequent defence.

THIS was assumpsit on a contract, of which the following is a copy:

"CROYDON, Sept. 10, 1833.

"For value received I promise to pay Alva Clement the tan-

ning of eight tons of hides, to be tanned annually—One ton in 1834, two tons in 1835, two tons in 1836, two tons in 1837, one in 1838 ; said hides to be tanned into sole leather in a workmanlike manner ; said hides to be delivered to said William's tan-yard in Grantham.   If the hides are good when delivered, and shall be injured by my neglect, I am to pay the damage.

WILLIAM CLEMENT, Jr."

The suit was brought to recover the value of tanning the ton of hides first mentioned, and the case was tried on the general issue at this term, when it appeared that said contract, on the 18th day of November, 1833, was assigned by said Alva to Henry Breck, in writing, of which the following is a copy :

" GRANTHAM, Nov. 18, 1833.

" I hereby transfer to Henry Breck, of Croydon, a note given to me by William Clement, jr., of said Croydon, dated September 10, 1833, promising the tanning of eight tons of hides.   Said note is now in the hands of Orin Rawson, for security for a demand which he holds against A. and I. W. Clement, and said note is to be the property of the said Breck till I, or my heirs or executors, shall pay to said Breck a note due to him from me, dated April 15th, 1833, for $219 85, and a note due from me to Breck and Powers, dated April 15, 1833, for $29 81 ; and also the said note against William Clement, Jr. is to remain the property of said Breck till I, or my heirs or executors, shall pay the demand which said Rawson holds against me.                    ALVA CLEMENT."

It was proved by Orlando Powers, formerly a partner of Breck, that sometime in November, 1833, said Breck delivered him an order from Alva Clement on said Rawson, requesting him to deliver to Breck the note he had left in his hands against William Clement, Jr., for tanning, he (Breck) paying the note to Rawson given by said Alva, and for securing the payment of which the note against said William Clement, Jr., for tanning, was left with him ; that at the request of said Breck he presented the order to Rawson, took up Alva Clement's note to him, amounting to $86 56, and received said note for tanning, which he afterwards delivered to said Breck.

It was also proved by a clerk in Breck's store, that the last of 1833, or first of 1834, the defendant was in Breck's store, and he heard Breck inform him that he had his note given to Alva Clement for tanning eight tons of hides; related to him how he came by the note, and told him he should furnish the hides to be tanned, to which the defendant made no objection.

Another witness testified that he was present with Breck and the defendant at his (the defendant's) house in Croydon, on the last day of July, 1834, when Breck presented said note for tanning, to the defendant, and told him he should, the next day at 2 o'clock, P. M., carry to Grantham, to his yard, a ton of hides to be tanned, in part payment of said note. The defendant replied that he would tan them as cheap as any body, if he would pay him. Breck then took out the note, and told him he wished them tanned on that note. The defendant said he would not tan them on that note; that he had no yard in Grantham, and that he had a written discharge from Alva.

From other evidence it also appeared, that the last of July, or first of August, 1834, said Breck sent a ton of hides to the defendant's tan-yard in Grantham; but the person who carried them, not finding any one there to receive them, brought them away, and left them at another yard.

A person acquainted with tanning testified that it took a year or more to tan hides into sole leather.

The defendant contended that the plaintiff was not entitled to recover, because the hides were not furnished, or offered to be furnished, in season to be tanned within the year 1834; in answer to which the plaintiff insisted that the defendant's refusing to tan the hides because he had a written discharge from Alva, as before stated, and assigning no other reason, was a waiver of his right, if any such he had, of having the hides delivered seasonably to tan in the year 1834.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of the court on the foregoing case.

*Newton*, for the defendant, contended that the verdict for the plaintiff could not be sustained—

I. For the reason that the hides contracted to be tanned by the defendant were not furnished so that the labor could be completed within the time assigned.

The failure in fulfilling the contract was owing to the neglect of the plaintiff in the performance of the condition precedent on his part.

If he who is to be benefited by another's fulfilling his contract or agreement, is the occasion why it is not carried into execution, the contract or agreement is thereby entirely dissolved. 1 *Pow. Con.* 417, 421; *Co. Lit.* 216, 210; 8 *Rep.* 92; 9 *Mod.* 2, 3, *Puley* vs. *Trig;* 3 *Mass.* 106, *Little* vs. *Frost;* 5 *Mass.* 321, *Lin. and Ken. Bank* vs. *Drummond.*

Where a condition precedent is to be performed by the person claiming the fulfilment of a promise, which is subsequently to be performed, the condition precedent must be fulfilled or performance thereof tendered, before the promissee can maintain a suit for damages; for until such performance, or tender of the condition precedent, there can be no breach by the promissor. 8 *East* 437, *Smith* vs. *Wilson.*

In this case there has been no waiver as to the fulfillment of the condition by the plaintiff. A waiver of a condition precedent can only be made by an express promise to perform the duty, though the legal remedy to enforce it is suspended, or lost, or by some express act of the party from which his intention to perform the duty may be fairly inferred.

Here the duty could not be performed within the term of the original contract, and there could be no waiver except as connected with a promise to perform the same labor at a later period. There is no pretence of any assent to pay the damage incurred for not doing what could not be done within the term as originally contracted, and when the fault wholly rested upon the plaintiff.

II. The plaintiff, to maintain this action, should have alleged and proved the consideration for which the defendant made the promise or undertaking. The contract cannot be declared upon as a note or bill ; and the general rule as to actions of assumpsit holds, that the consideration must be stated and proved. *Sel. N. P. part I.* 39 ; 3 *N. H. Rep.* 299, *Drown* vs. *Smith ;* 5 *D. & E.* 482, *Carlos* vs. *Fancourt ;* 7 *do.* 443, *Ward* vs. *Loy ;* 2 *Bos. & Pul.* 143 ; *Story's ed. of Chitty on Bills,* 37, 38, *and* 40.

*Morse,* and *Handerson,* for the plaintiff.

Upham, J. The contract given in evidence under this declaration, is dated September 10, 1833. The hides named are to be tanned annually, one ton in 1834, two tons in 1835, &c. The term, *annually,* might refer to the date of the note as the period from which the year should be reckoned ; but the more probable intention of the parties seems to have been that this term should refer to the several years named ; thus giving the entire calendar year in each instance for the performance of the contract.

It is apparent that if the hides are not furnished within this time the defendant is exonerated from any obligation for their manufacture ; and it is equally true that if they are furnished so late in the year that the labor cannot be performed, that the defendant is in such case discharged from the contract.

The defendant is to be considered as ever ready to do the labor, if the hides are seasonably furnished. This readiness is to be regarded as a constant tender of his labor ; and like all tenders of specific articles, it makes a perfect payment if continued through the entire period in which he could legally be called upon to perform the labor. The principle of the case of *Weld* vs. *Hadley,* 1 *N. H. R.* 295, is directly in point in this respect.

Reckoning the whole year of 1834, the hides were only

furnished five months before its expiration; while the evidence is that it would require the entire year to manufacture them into sole leather. The hides were not furnished, therefore, within such time as to enable the defendant to complete the contract.

But it is said that the plaintiff waived any objection as to the late delivery of the hides; and this is to be considered.

The evidence is that he declined receiving them, and alleged as a reason that he had a discharge of the contract from Alva Clement, with whom the contract was originally made. This cannot be considered as a waiver of any other legal objection that he might have to the enforcement of the plaintiff's claim. He might have considered, that one objection which he supposed fatal to the plaintiff's claim was sufficient for him to assign. He was under no obligation to disclose all the defences it might be in his power to make. If he disclosed a defence then which would be contradictory to his defence at this time, it might destroy it; but if both defences could subsist at the same time, there is no contradiction, and an assignment of one defence is no waiver of another. Thus if a note was outlawed, and the promissor, on being called upon should say that he had a discharge of the note, or had paid it, it would not preclude him from the additional defence of the statute of limitations, or that it was without consideration. There is no competent evidence of a waiver in this case.

The contract has not been complied with; but this has resulted from the neglect of the plaintiff to claim the payment. The first instalment, or portion of the labor to be performed under the contract is, therefore, lost to him.

It is unnecessary to go into a consideration of the second exception urged by the plaintiff's counsel as to a deficiency in the declaration. If any subsequent suits should be brought on other portions of the contract, a sufficient declaration may easily be framed.

*New trial granted.*